**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GET OUTDOORS II, LLC, a Nevada Limited Liability Company d/b/a GET OUTDOORS, L.L.C., in California, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF EL CAJON, California, <br><br> Defendant - Appellee. | No. 08-55005 <br><br> D.C. No. CV-03-01437-W <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted November 5, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and SEABRIGHT,
District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Get Outdoors II, LLC, a Nevada limited liability company, appeals a grant of summary judgment in favor of the City of El Cajon, California, on all claims. Get Outdoors filed a dozen permit applications for the installation of outdoors signs in El Cajon. El Cajon found that all of the applications were for signs that would violate the city's sign area and height restrictions. Get Outdoors filed suit against El Cajon claiming its sign ordinance and corresponding permitting procedures were unconstitutional on their face and as applied with regard to the First Amendment. Parties engaged in settlement negotiations before a Magistrate Judge for six months. Get Outdoors claims these negotiations led to an oral contract in the form of a settlement agreement.

The court below found that each of Get Outdoors' permit applications would have violated El Cajon's constitutionally valid area and height restrictions. Unable to redress its injuries, the court found that Get Outdoors did not have standing to bring First Amendment claims. The court also found that no valid contract resulted from settlement negotiations, given the absence of the mayor's signature on a written settlement agreement. We affirm.

**I**

A previous case involving the same plaintiff and highly similar facts controls here. *See Get Outdoors II v. City of San Diego*, 506 F.3d 886 (9th Cir. 2007). The

threshold question is whether Get Outdoors has standing to bring First Amendment claims. Get Outdoors can point to denial of its permit applications by El Cajon as injuries in fact, caused by defendant. But Get Outdoors cannot show how this court could act to overturn denial of the permits, and thereby redress those injuries. Get Outdoors lacks standing to bring its First Amendment claims. *See id.* at 891, (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

This court cannot overturn the denial of Get Outdoors permits because those permits violated constitutionally valid restrictions. "Size and height restrictions on billboards are evaluated as content-neutral time, place and manner regulations." *Id.* at 893, *citing Valley Outdoor, Inc. v. County of Riverside*, 337 F.3d 1111, 1114-15 (9th Cir. 2003). When non-commercial speech may be involved, as here, such restrictions "must be narrowly tailored to serve a significant government interest, and must leave open ample alternative channels of communication." *Id.*, *citing Flint v. Dennison*, 488 F.3d 816, 830 (9th Cir. 2007). The 35 foot height restriction and the 300 square foot area restriction are narrowly tailored and leave open ample alternative channels of communication.

An ordinance which prohibits billboards designed to be viewed from streets and highways reasonably relates to traffic safety; and traffic safety is a significant government interest. *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 508-09

(1981).  As the El Cajon ordinance prohibited the billboards proposed by Get

Outdoors, a significant government interest was served by the ordinance and the

third and final prong of the time, place, and manner test is met.

As the size and height restrictions are constitutionally valid, and all permit

applications would have violated those restrictions, Get Outdoors injuries cannot

be redressed by this court and Get Outdoors, therefore, lacks standing to bring its

First Amendment claims.

## II

Regarding the settlement agreement, in a California general law city, "The

mayor shall sign: . . . (b) All written contracts and conveyances made or entered

into by the city."  Cal. Gov't Code § 40602. Implicit in this law, contracts with a

general law city must usually be in writing and signed by the mayor. *G.L.*

*Mezzetta, Inc. v. City of Am. Canyon*, 78 Cal.App.4th 1087, 1093 (2000). A

contract entered into by a general law city outside of this legal authority is void and

unenforceable. *See id.* at 1092.  Reasonable doubts about whether a general law

city has exercised contracting authority are construed against the exercise of such

authority. *Id.* When making a contract with a general law city in California, a party

is bound to take notice of limitations on the city's power to contract. *Id.* at 1094

n.4.

-4-

El Cajon is a general law city. The parties do not dispute that there is no written instrument signed by the mayor. Without the mayor's signature on a written instrument, an enforceable contract in the form of a settlement agreement does not exist.

AFFIRMED.



FILED

NOV 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Get Outdoors v. City of El Cajon*, **Case No. 08-55005**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.